**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket no. 2:16-CR-20-GZS |
| CAREY ACKIES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISCLOSE PORTIONS OF PRESENTENCE REPORTS OF GOVERNMENT WITNESSES**

Before the Court is Defendant's Motion to Disclose Portions of Presentence Reports of Government Witnesses (ECF No. 237), namely William Tardif and Michael Jenkins. Specifically, Defendant seeks disclosure of information contained in the Tardif and Jenkins reports that may have a bearing on the drug quantity that will be attributed to Defendant at sentencing or on Defendant's role in the relevant criminal enterprise. At the Presentence Conference held on April 18, 2018, the parties agreed that the Court would review the Tardif and Jenkins presentence reports *in camera* to decide whether any portion of the reports should be disclosed to Defendant.

After careful review of the presentence report in this matter, Defendant's objections to the report, Defendant's Motion, and the Tardif and Jenkins presentence reports,[1] the Court determines (1) that there is no relevant information of the type sought by Defendant in the Tardif report and (2) that the only relevant portions of the Jenkins report do not materially differ from the information already included in the presentence report in this matter. Therefore, the Court can discern no special need for disclosure, or that disclosure is required to meets the ends of justice.

---

[1] If this Order is part of any appeal, the Clerk's Office for the District of Maine can provide the Court of Appeals with the relevant presentence reports.

See U.S. Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988) ("[T]he courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report."); United States v. Molina, 356 F.3d 269, 274 (2d Cir. 2004) (explaining that courts in that Circuit determine "if the policy of confidentiality [of presentence reports] is outweighed by a compelling need for disclosure to meet the ends of justice"); United States v. Corbitt, 879 F.2d 224, 238-39 (7th Cir. 1989) (same); United States v. Figurski, 545 F.2d 389, 391 (4th Cir. 1976) (same).  Defendant's Motion is therefore DENIED.

     SO ORDERED.

                     /s/ George Z. Singal
                     United States District Judge

Dated this 19th day of April, 2018.