UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) |
|---|---|
| | ) |
| v. | ) |
| | ) Docket no. 2:16-CR-20-GZS |
| CAREY ACKIES, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S OBJECTION
## TO INFORMATION CHARGING PRIOR CONVICTIONS

Before the Court is Defendant's Objection to the Government's Information Charging Prior Convictions (ECF No. 182). After careful consideration, the Motion is DENIED.

**I. BACKGROUND**

On February 9, 2016, Defendant Carey Ackies was charged in a two-count Indictment with conspiracy to distribute heroin and cocaine base and possession with intent to distribute heroin and cocaine base on or about January 18, 2016, in the District of Maine and elsewhere. (ECF No. 9.) His initial appearance and arraignment occurred on February 11, 2016; the Court appointed counsel and Defendant entered not guilty pleas on the two-count Indictment. (ECF No. 19.) A detention hearing was held on February 26, 2016, and Defendant was ordered detained. (ECF Nos. 24, 40.) On March 14, 2016, retained local counsel entered an appearance on Defendant's behalf followed a few weeks later by a certification for admission *pro hac vice* for retained counsel from New York. (ECF Nos. 48, 53.) Defendant subsequently filed four unopposed motions to continue based on Defendant's appearance in the Eastern District of New York on a related

criminal matter, ongoing negotiations to reach a global resolution of all pending charges against Defendant in New York and Maine, and, eventually, Defendant's termination of his retained counsel in the New York matter. (ECF Nos. 54, 60, 69, 76.) These continuances moved the trial date from May 2016 to January 2017.

On October 7, 2016, and November 15, 2016, retained counsel filed motions to withdraw (ECF Nos. 78, 86), which the Court granted after Defendant's newly retained counsel entered an appearance (ECF Nos. 95, 97). The Court also granted Defendant's unopposed motion to continue trial to April 2017. (ECF Nos. 96, 99.) On March 9, 2017, Defendant filed an unopposed motion to extend the time for filing pretrial motions (ECF No. 105), which the Court granted (ECF No. 110). On March 14, 2017, Defendant filed three motions to suppress. (ECF Nos. 107-109.) On March 23, 2017, after the filing of a second unopposed motion to extend time to file pretrial motions (ECF No. 114), which the Court granted (ECF No. 115), Defendant filed three additional motions to suppress (ECF Nos. 116-118). After a hearing on June 29 and 30, 2017, the Court denied five of the suppression motions on July 26, 2017, reserving ruling on a single motion.[1] (ECF No. 146.) The matter was then scheduled for trial in October 2017, but Defendant filed an unopposed motion to continue on September 11, 2017 (ECF No. 154), and the Court continued the matter to November 2017 for trial (ECF No. 157).

On October 31, 2017, the Government filed an Information Charging Prior Convictions pursuant to 21 U.S.C. § 851(a)(1) alleging that Defendant has two prior drug offense convictions that qualify him for a sentencing enhancement. (ECF No. 177.) Specifically, the Information stated that the Government intended to rely upon the following prior convictions in seeking the imposition of enhanced penalties at sentencing:

---

[1] The Court denied the remaining motion shortly before trial on November 20, 2017. (ECF No. 194.)

2

1. Criminal Possession of a Controlled Substance 3rd Degree in the Kings County Supreme Court, State of New York, Case Number 00587-2008, judgment having entered on about December 3, 2012; and

2. Criminal Possession of a Controlled Substance 3rd Degree in the Kings County Supreme Court, State of New York, Case Number 10116-2007, judgment having entered on about December 3, 2012.

(ECF No. 177, PageID # 948.) On November 6, 2017, Defendant filed a Challenge to Information Charging Prior Convictions ("the Objection"), in which he asserts that the prior convictions charged in the Information "were obtained in violation of the Constitution of the United States" because (1) he "did not make a knowing, voluntary, and intelligent waiver of his rights when he entered guilty pleas to the two charges on July 18, 2012" and (2) he received ineffective assistance of counsel relative to entry of the guilty pleas. (ECF No. 182, PageID #s 972-73.) On November 13, 2017, the Government responded to Defendant's Objection. (ECF No. 185.) In its brief Response, the Government discussed 21 U.S.C. § 851, the statute governing the charging of prior convictions, and stated as follows:

> The government acknowledges that, upon conviction but before the imposition of sentence, the [D]efendant is entitled to a hearing where the parties may introduce evidence, and further argument, on the issues he has raised. At the hearing, the government will submit documentation establishing the prior felony drug offense convictions, further argument relating to [D]efendant's constitutional and ineffective assistance claims, and contend that the convictions are valid. Such a hearing, however, should not be held unless and until a conviction is obtained.

(ECF No. 185, PageID # 985.) After a jury trial on November 27-30, 2017, a jury convicted Defendant on both counts. The Court subsequently requested an update from the parties on the status of the dispute over the prior convictions. Defendant submitted a Status Report requesting an evidentiary hearing on the merits of his claims that his prior convictions were obtained in violation of the Constitution (ECF No. 225), and an evidentiary hearing was scheduled.

3

On March 28, 2018, the Court directed the parties to submit briefing on the following issues: (1) whether Defendant is barred from challenging the prior convictions pursuant to 21 U.S.C. § 851(e), and (2) whether the Government had waived or forfeited the applicability of that provision. (ECF No. 227.) The Court also provided the parties with Certificates of Disposition from the New York court stating that the date of the two prior convictions was July 18, 2012. (ECF No. 227-1, PageID #s 1099-1100.) Oral argument on the legal issues raised by the Court was scheduled, and the parties subsequently submitted briefing on these issues. (ECF Nos. 233, 234.) On April 12, 2018, Defendant submitted an "Update" informing the Court that he was withdrawing the ineffective assistance of counsel claim and stating that an evidentiary hearing was no longer necessary. (ECF No. 235.) Defendant separately submitted an unopposed motion to consolidate the scheduled hearings. (ECF No. 236.) The Court granted the motion to consolidate the hearings and requested additional briefing on the merits of Defendant's remaining claim regarding the prior convictions. (ECF No. 238.) The parties submitted briefs on the merits (ECF Nos. 243, 244), and the Court held a hearing on Defendant's Challenge to Information Charging Prior Convictions on April 26, 2018. At the hearing, the Court heard oral argument and received in evidence documents from the state court record (Gov't Hr'g Exs. 1-4).

**II. DISCUSSION**

A. <u>Bar to Challenging Prior Convictions (21 U.S.C. § 851(e))</u>

The parties dispute whether Defendant is barred from challenging the prior convictions pursuant to 21 U.S.C. § 851(e), which provides that a defendant charged by information with a prior conviction for purposes of an enhanced sentence may not "challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the

information alleging such prior conviction." Defendant conceded at the hearing that because the two prior convictions at issue were entered on July 18, 2012, and the Information Charging Prior Convictions was filed on October 31, 2017, he is barred by the language of § 851(e) from challenging the convictions in this proceeding. However, Defendant argues (1) that the Court should allow him to raise his otherwise time-barred challenge based on principles of equity and/or (2) that the Government has waived or forfeited reliance on § 851(e) (the "time bar").[2]

The Court rejects Defendant's assertion that "[t]he equities of this situation require a loosening of the strict dictates of § 851(e)." (ECF No. 233, PageID # 1835.) Defendant has not presented any reason to conclude that "fundamental fairness" (see id.) would be violated by applying § 851(e) in this case. The thrust of Defendant's argument is that it was fundamentally unfair for the Government to file the Information twenty-seven days before trial rather than at any earlier point during the year-and-a-half that the case was pending in this District.[3] However, the Government was only required to file the Information at some point *before trial*. See 21 U.S.C. § 851(a)(1) ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the court . . . stating in writing the previous convictions to be relied upon."). Furthermore, assuming solely for the purposes of this Order that the time bar can be ignored based on a finding that the Government strategically delayed filing the Information, Defendant concedes there is no evidence that the

---

[2] Defendant does not argue that he was prejudiced by the fact that the Information does not clearly specify that the operative date of the convictions for purposes of 21 U.S.C. § 851(e) is July 18, 2012.

[3] The Court understands that Defendant is not arguing that the time bar is inapplicable simply because the prior convictions at issue were entered only five years and three months before the filing of the Information. The Court is not convinced by Defendant's "ex post facto" arguments and considers any contention that § 851(e) is otherwise unconstitutional to be foreclosed by Circuit precedent. See United States v. Henderson, 320 F.3d 92, 103-04 (1st Cir. 2003) (holding that § 851(e) does not violate the Due Process or Equal Protection Clauses of the Constitution).

5

Government did so. Indeed, the Government's initial Response to Defendant's Objection demonstrates that the Government was not initially aware of § 851(e)'s application to this case. (See ECF No. 185, PageID # 985.) The Court also notes that § 851(e) only became an issue in this case because of the numerous continuances sought by Defendant while he changed counsel and attempted to reach a global resolution of pending charges in this District and in the Eastern District of New York. Defendant cannot be faulted for seeking continuances, but he cannot also use these continuances to impute bad intent to the Government. Therefore, assuming for the purposes of this Order that this Court has discretion to ignore the time bar based on principles of equity, and in the absence of any dispositive case law on this point, the Court declines to exercise such discretion on the record presented.

Defendant also argues that the Government waived or forfeited application of § 851(e) by failing to raise the issue in its pretrial filings regarding the prior convictions.[4] Assuming solely for the purposes of this Order that § 851(e) is "non-jurisdictional" and thus waivable, the Government has not waived or forfeited the issue. To the contrary, the Government is pressing the issue before this Court at the relevant time for the Court's consideration, when the Court must determine whether the prior convictions may be used to enhance Defendant's sentence. The cases regarding waiver or forfeiture cited by Defendant are inapposite in that they concern the Government's failure to raise an issue before the district court at any point, general waiver of appellate rights, or waiver of the statute of limitations in habeas proceedings.[5] (See ECF No. 233,

---

[4] To the extent Defendant argues that the Government waived or forfeited application of § 851(e) by its "decision to delay its filing of the § 851 Information" (ECF No. 233, PageID # 1838), the Court considers this argument to be unavailing because, as explained above, there is simply no evidence that the Government's delay in filing the Information was motivated in any way by the § 851(e) time bar.

[5] The Court is also not convinced by Defendant's suggestion that the Government has to demonstrate that it would be prejudiced by the Court declining to apply § 851(e). The case of United States v. Rolfsema, 468 F.3d 75 (1st Cir. 2006), which Defendant cites in support, is inapposite. In fact, to the extent Rolfsema is relevant, it supports the Government's position that its failure to initially argue for application of the time bar does not foreclose it from arguing

PageID #s 1837-38.)  The Court therefore concludes that Defendant is barred from challenging his prior convictions pursuant to § 851(e).[6]

B. Merits of Defendant's Challenge to his Prior Convictions

Even assuming that Defendant could challenge his prior convictions, however, the Court would reject Defendant's challenge on the merits. Considering the plea colloquy, the related documents, and the totality of the circumstances surrounding the plea, the Court determines that there is an "affirmative showing" in the record that Defendant's pleas were knowing and voluntary.[7] United States v. Ward, 518 F.3d 75, 81 (1st Cir. 2008).

The plea colloquy demonstrates that Defendant was adequately apprised of his core constitutional rights as outlined in Boykin v. Alabama, 395 U.S. 238, 243 (1969).[8] See ECF No. 182-1, PageID # 978; Ward, 518 F.3d at 83. The plea colloquy also supports the conclusion that Defendant had an understanding of the charges against him; was aware of the consequences of his

---

for application of the time bar now. See Rolfsema, 468 F.3d at 78-79 (concluding that the district court did not err by ruling on a sentencing issue where the Government missed a deadline to file sentencing information but the defendant had an adequate opportunity to address the contested sentencing issue in his objections to the presentence report and at the sentencing hearing).

[6] Defendant cites United States Department of Justice guidance regarding § 851 enhancements but concedes that this guidance was not binding on the Government in this case. In any event, the policy language cited by Defendant merely states that "[p]rosecutors are encouraged to make the § 851 [charging] determination at the time the case is charged, or as soon as possible thereafter," Guidance Regarding § 851 Enhancements in Plea Negotiations at 1, *available at* https://www.justice.gov/oip/foia-library/ag_guidance_on_section_851_enhancements_in_plea_negotiations/download (last visited May 2, 2018), but does not provide that prosecutors must *file the Information* at that point.

[7] Both parties correctly note that Defendant "has the burden to prove all issues of fact" concerning the constitutionality of his pleas "by a preponderance of the evidence." United States v. Ward, 518 F.3d 75, 80 (1st Cir. 2008) (citing 21 U.S.C. § 851(c)(2)). However, where, as in this case, the only evidence before a court is the state court record and the relevant facts are not disputed, the issue of a plea's constitutionality is a purely legal question that the Court answers by assessing the applicable factors. Id.

[8] Despite the fact that the state court apprised Defendant of his core constitutional rights, Defendant argues that "[t]he record does not contain any information from which it can be determined that Defendant *understood what a jury trial was or entailed* such that he could knowingly, intelligently, and voluntarily waiv[e] that right." (ECF No. 243, PageID # 1865) (emphasis added). The case Defendant cites in support of that proposition, United States v. Hernandez-Fraire, 208 F.3d 945 (11th Cir. 2000), is entirely inapposite. Beyond the fact that Hernandez-Fraire concerned a Rule 11 violation in federal court, the district court in that case neglected to inform the defendant of all of the core Boykin rights. 208 F.3d at 950.

guilty pleas, which clearly arose from a complex plea negotiation; and was competent to make such pleas. See ECF No. 182-1, PageID #s 978-82; Ward 518 F.3d at 84-85. Specifically, the plea colloquy supports the conclusion that Defendant was competent to plead based on his clear and direct answers to the court's questions; his confirmation that he was not impaired in any manner; his confirmation that he was pleading guilty free of coercion, threats, or undue promises; his counsel's confirmation that the plea was acceptable; the failure of either Defendant or his counsel to object in any way to the state court's acceptance of the pleas; and the absence of any evidence of coercion, threats, or undue promises. See ECF No. 182-1, PageID #s 977-82; Ward, 518 F.3d at 84-86; see also United States v. Santiago Miranda, 654 F.3d 130, 138 (1st Cir. 2011) ("[A] defendant's declarations in open court carry a strong presumption of verity.") (quotation marks omitted).

Furthermore, Defendant was represented by competent counsel at the time of his pleas. Ward, 518 F.3d at 86 (noting that "represent[ation] by competent counsel . . . is an important factor in the voluntariness analysis"). During the colloquy, Defendant specifically stated that he was satisfied with his counsel's representation. (ECF No. 182-1, PageID #s 977-78.) The Court also notes that Defendant has withdrawn his ineffective assistance of counsel claim in this proceeding, which fact, although not dispositive, supports the conclusion that counsel did not perform ineffectively by allowing entry of the pleas. To the extent Defendant faults the state court for not specifically inquiring into "Defendant's age, experience or education" (ECF No. 243, PageID # 1866), there is nothing in the record to suggest that any of Defendant's personal characteristics

rendered his pleas defective in the absence of any outside coercion, threats, or undue promises.[9] Ward, 518 F.3d at 85-86.

Finally, to the extent Defendant contends that the pleas were constitutionally defective because the state court did not follow Federal Rule of Criminal Procedure 11, it is clear that the United States Supreme Court has not "constitutionalize[d] Rule 11 for state plea proceedings." Ward, 518 F.3d at 86. Nor has Defendant pointed to any authority for the proposition that the plea colloquy was constitutionally defective because it did not meet the standard for plea colloquies under New York state law. Indeed, it is inconceivable that the constitutional standard for plea colloquies would vary from state to state. For these reasons, the Court concludes that Defendant's pleas were knowing and voluntary, and his challenge to the constitutionality of the pleas must fail.

### III. CONCLUSION

For the foregoing reasons, Defendant's Challenge to Information Charging Prior Convictions (ECF No. 182) is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 2nd day of May, 2018.

---

[9] The Court notes that it has not relied on Defendant's signed waivers of his appellate rights in making its determination that his pleas were knowing and voluntary because the appellate waivers are clearly limited to appellate rights and do not speak to the trial rights Defendant was foregoing by pleading guilty.