UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAREY ACKIES, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   2:16-cr-00020-GZS-1 |
| | )   2:20-cv-00457-GZS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 274.) Following a jury trial, Petitioner was convicted of conspiracy to possess with intent to distribute and possession with intent to distribute heroin and cocaine base; the Court sentenced Petitioner to 230 months in prison. (Judgment, ECF No. 252.) The First Circuit affirmed. *United States v. Ackies*, 918 F.3d 190 (1st Cir. 2019).

Petitioner claims his attorney provided ineffective assistance of counsel during plea negotiations and asserts the Government breached an oral plea agreement, violated his right to a speedy trial, and committed prosecutorial misconduct. The Government requests dismissal. (Response, ECF No. 294.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

In the fall of 2015, law enforcement began investigating Petitioner after a cooperating witness provided certain information about drug trafficking activities. In January 2016, the Government obtained precise location information warrants for two cell phones. Petitioner was arrested in the Eastern District of New York for drug trafficking and firearms charges. In February 2016, Petitioner was indicted in the District of Maine on one count of conspiracy to possess with intent to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and one count of possession with intent to distribute heroin and cocaine base in violation of 21 U.S.C. § 841(a)(1). (Indictment, ECF No. 9.) Petitioner filed six motions to suppress evidence collected pursuant to the search warrants and after his arrest. (ECF Nos. 107, 108, 109, 116, 117, 118.) After an evidentiary hearing, (Suppression Hearing, ECF No. 136), the Court denied the motions. (Suppression Orders, ECF Nos. 146, 194.)

In October 2017, approximately one month before trial was scheduled to begin, the Government filed an Information, in accordance with 21 U.S.C. § 851, alleging two qualifying prior convictions for purposes of the enhanced penalty provisions alleged in the indictment. (Section 851 Information, ECF No. 177.) Petitioner objected to the filing of the § 851 Information. (Objection, ECF No. 182.) A jury trial was held in November 2017. The jury found Defendant guilty on both counts. (Jury Verdict, ECF No. 203.) The Court overruled Petitioner's objections to the admissibility of his prior convictions listed

---

[1] The outline of the facts is drawn primarily from the First Circuit's opinion and the Presentence Investigation Report, (PSR ¶¶ 1–15).

in the § 851 Information for purposes of the enhanced mandatory minimum and sentenced Petitioner to 230 months in prison.  (Order, ECF No. 249; Judgment, ECF No. 252.)

Petitioner filed an appeal challenging: (1) the Court's suppression orders regarding the search warrants and arrest, (2) the presentation to the jury of call transcripts as demonstrative aids, (3) the Government's use of rebuttal evidence collected during a pretrial services interview, and (4) the Court's sentencing findings regarding the drug quantity and number of participants in the conspiracy; in March 2019, the First Circuit affirmed.  *United States v. Ackies*, 918 F.3d 190 (1st Cir. 2019).

Petitioner later filed the section 2255 motion.

## DISCUSSION

**A.**     **Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor."  *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief.  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952,

954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if a petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

4

outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and

5

expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.     Procedurally Defaulted Claims**

Petitioner claims the Government breached an oral plea deal, (Motion at 7; Attachments, ECF Nos. 279-1, 279-3), violated his right to a speedy trial, (Motion at 8; Attachment, ECF No. 279-4), and committed prosecutorial misconduct. (Motion at 8; Attachment at 1–2, ECF No. 282-1).[2] Petitioner procedurally defaulted the arguments, however, by failing to raise them before the First Circuit during his direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Berthoff*, 308 F.3d at 127–28. Because he has not established cause to excuse the procedural default and prejudice from a violation of federal law, and because he has not produced any new evidence of actual innocence, Petitioner is not entitled to postconviction relief on the defaulted claims.[3]

**C.     Ineffective Assistance of Counsel - Plea Negotiations**

Petitioner argues his attorney provided ineffective assistance of counsel during the process of plea negotiations. (*See, e.g.*, Attachments, ECF No. 279-1, 279-3.) According to Petitioner, in March 2016, he was transferred from Maine back to a facility in the Eastern

---

[2] Petitioner also included in his petition an additional ground based on certain sentencing enhancements, (Motion at 5), but he later withdrew that ground. (Attachment, ECF No. 279-2.)

[3] The three freestanding claims for relief would also fail because they lack merit. The claims primarily rest on essentially the same flawed arguments regarding the plea negotiation process that Petitioner makes in support of his ineffective assistance claim. *See infra*.

District of New York for proceedings concerning the charges in New York. While in custody in New York, plea negotiations commenced on his Maine charges and, according to Petitioner, the Government made several oral plea offers. As part of that process, Petitioner sought to resolve the charges in New York and the charges in Maine with one agreement. Petitioner alleges the parties reached an oral plea agreement, but the terms were never presented in writing until March 2017, several months after he was moved back to the District of Maine. Petitioner maintains he rejected the written offer because the terms did not match his understanding of the oral offer made in New York.

Petitioner asserts that after further plea negotiations between March 2017 and September 2017, the plea discussions ceased, and the Government filed a § 851 Information charging him with prior convictions, which, if established, would increase the potential penalties, including a longer mandatory minimum sentence, which could be imposed at sentencing. Petitioner claims his attorneys failed to enforce the oral plea agreement and failed to inform him that the Government could file a § 851 Information if Petitioner declined to plead guilty.

Oral plea agreements are enforceable when they contain all the essential terms of a binding contract, and defense counsel can provide ineffective assistance if they act unreasonably regarding oral plea agreements or negotiations, including by failing to communicate the terms of an oral offer to a defendant. *See, e.g.*, *United States v. Merlino*, 109 F. Supp. 3d 368, 369–71, 376 (D. Mass. 2015). Petitioner, however, does not allege that his attorney failed to communicate the terms of an offer or failed to carry out Petitioner's directives regarding the plea negotiations. Rather, Petitioner implicitly, if not

7

explicitly, asserts that he was aware of counsel's plea efforts and approved of counsel's performance in achieving what Petitioner contends is a binding, oral plea agreement.

Petitioner argues counsel did not seek to enforce the oral agreement. According to Petitioner, when the Government reduced to writing its understanding of the terms of the alleged oral agreement, Petitioner rejected the written offer because the terms did not reflect the terms to which he and the Government had agreed. (*See* ECF No. 279-1 ¶ (v); ECF No. 279-2 ¶ (v).) Petitioner points to no reliable evidence to support his contention that the parties had negotiated a binding, oral agreement on terms different from the terms included in the written offer. To the contrary, the subsequent round of plea negotiations that Petitioner describes occurred in the summer of 2017, which negotiations were also not reduced to writing, (*see* ECF No. 279-1 ¶ (vi); ECF No. 279-2 ¶ (vi)), suggest Petitioner most likely (1) did not believe in the summer of 2017 that the prior negotiations included a binding oral agreement, or (2) decided to attempt to negotiate more favorable terms.

In addition, even if there were an oral plea agreement reached at some point between the spring of 2016—when he was transferred to New York and negotiations began—and October of 2016—when he was transferred back to Maine—Petitioner has not described all the terms of the alleged oral agreement. Although Petitioner suggests that the oral agreement did not require him to concede that he possessed a firearm as a felon and that he was a career offender, (*see* ECF No. 279-1 ¶ (v)), without describing the terms of the alleged oral agreement and the terms of the written agreement, and without demonstrating that the alleged oral plea agreement would have produced a more favorable result, he has not established prejudice. As the Supreme Court has explained:

8

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 134, 147 (2012).

Even if the Court accepts Petitioner's suggestion that the oral agreement did not require him to concede he was a felon in possession and a career offender, Petitioner has not demonstrated prejudice. Petitioner evidently was not ultimately charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and the Court did not apply the U.S.S.G. § 4B1.1 career offender guideline enhancement. A two-point guideline enhancement for possessing a firearm was applied to determine his guideline range, (*see* PSR ¶ 22), but that is insufficient to establish prejudice given that Petitioner has not shown that the Court would have accepted the suggested plea terms or that the Court could not and would not have made the determinations about the firearm and his prior convictions

despite Petitioner's lack of concession.[4]  Because Petitioner has not shown that the alleged oral plea agreement would have generated a different result, he is not entitled to relief.[5]

### D.    Ineffective Assistance of Counsel - § 851 Information

Petitioner's assertion that he is entitled to relief because his counsel did not advise him that the Government could file the § 851 Information if he did not plead guilty also fails.  First, the record lacks any evidence to corroborate Petitioner's assertion.  In addition, even if Petitioner's allegation were true, he has not shown that he suffered prejudice given the other evidence establishing that Petitioner was informed of the significant penalties he potentially faced under the § 841(b)(1)(B) penalty provisions.  (*See, e.g.*, Indictment, ECF No. 9 (specifically alleging the § 841(b)(1)(B) provisions applied to Petitioner); Synopsis, ECF No. 10 (referring to a maximum sentence of life in prison, which applies when there is qualifying prior conviction or when death or serious bodily injury results from the use of the controlled substance).)  His initial appearance in the District of Maine in March 2016

---

[4] For example, a confidential informant claimed to have observed a firearm at Petitioner's residence on multiple occasions, law enforcement asserted that Petitioner admitted to having a handgun in his apartment, and law enforcement later seized a loaded revolver from that apartment.  (PSR ¶¶ 11, 13.)  To the extent that Petitioner's reference to not having to concede being a "career offender" was intended to refer to his prior convictions more generally, there is no evidence that he would have been successful in challenging the prior convictions or that it would have made any difference in the sentence even if he were successful.  *See infra*.  Furthermore, a modification in the total offense level would likely not have altered the sentence given that the sentence was below or within the guideline range for four offense levels below the calculated level of 38.

[5] The fact that Petitioner changed attorneys in December 2016, before he rejected the March 2017 written version the Government presented because it was allegedly inconsistent with the oral agreement, also undermines Petitioner's ineffective assistance claim given the facts as Petitioner has alleged.  The first attorney was not representing Petitioner at the time of the March 2017 written plea offer and Petitioner has not alleged he instructed his second attorney to arrange a plea based on the alleged oral agreement his prior attorney negotiated.  Petitioner thus arguably has not identified when and how each attorney's conduct "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688 (1984).

included considerable discussion regarding his prior drug trafficking convictions, in which discussion the Government stated that "in all likelihood we're going to be filing an information alleging prior conviction 851 prior, resulting in a 10-year minimum mandatory sentence." (Detention Hearing Transcript at 14:23–15:9, ECF No. 51.) The lack of prejudice is also apparent because the 292–365-month guideline range, which was the product of the significant drug quantity and criminal history score, and not the mandatory minimum sentence resulting from Petitioner's prior convictions, appears to have informed the sentence. Petitioner's claim that his counsel provided ineffective assistance in connection with the § 851 Information fails.[6]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district

---

[6] Counsel also challenged the use of the Information before and after trial. Petitioner's attorney was not responsible for the enhanced mandatory minimum simply because the challenges were ultimately unsuccessful.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

            /s/ John C. Nivison
            U.S. Magistrate Judge

Dated this 11th day of May, 2022.